**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICK FIELD<br><br>*Plaintiff,*<br><br>v.<br><br>FRANKLIN TOWNE CHARTER HIGH SCHOOL, THE BOARD OF TRUSTEES OF FRANKLIN TOWNE CHARTER HIGH SCHOOL and JOSEPH VENDITTI,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 2:23-cv-04646-JMY |

# DEFENDANTS FRANKLIN TOWNE CHARTER HIGH SCHOOL, THE BOARD OF TRUSTEES OF FRANKLIN TOWNE CHARTER HIGH SCHOOL AND JOSEPH VENDITTI'S ANSWER TO PLAINTIFF'S COMPLAINT

## I. INTRODUCTION[1]

1. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

## II. JURISDICTION AND VENUE

2. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

3. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

[1] Defendants adopt Plaintiff's headings and format for organizational purposes only.

4. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

5. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

## III. PARTIES

6. Denied as stated. It is admitted only that Plaintiff is an adult male individual and that the approximate dates of employment of Plaintiff are accurate.

7. Denied as stated. It is admitted only that Defendant Franklin Town Charter High School ("Defendant FTCHS") is a high school located at 5301 Tacony Street, Box 310, Philadelphia, PA, 19137. The remainder of the allegations of this paragraph are denied, and strict proof thereof is demanded at trial, if relevant.

8. Denied as stated. It is admitted only that the Defendant Board of Trustees of Franklin Towne Charter High School ("Defendant Board") is a non-profit organization located at 5301 Tacony Street, Box 310, Philadelphia, PA, 19137, and that such Defendant Board at different times included Francesco DiCianni, William Maher, John Carty, Stephanie Cicalese, Rebecca Fleming, Marissa Fitzgerald, Ryan Keller, Nancy Hartey, Jerry Volpe and Joseph Garbarino. The remainder of the allegations of this paragraph are denied, and strict proof thereof is demanded at trial, if relevant.

9. Denied as stated. It is admitted only that the Defendant Board of Trustees of Franklin Towne Charter High School ("Defendant Board") is a non-profit organization located at 5301 Tacony Street, Box 310, Philadelphia, PA, 19137, and that such Defendant Board at different

times included Francesco DiCianni, William Maher, John Carty, Stephanie Cicalese, Rebecca Fleming, Marissa Fitzgerald, Ryan Keller, Nancy Hartey, Jerry Volpe and Joseph Garbarino. The remainder of the allegations of this paragraph are denied, and strict proof thereof is demanded at trial, if relevant.

10. Admitted.

11. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

## IV. FACTUAL BACKGROUND

### A. Introduction

12. Admitted in part, denied in part. Defendants admit the dates of operation alleged, approximate student count of Defendant FTCHS, and current administrative of Defendant FTCHS. The remainder of the allegations of this paragraph are denied, and strict proof thereof is demanded at trial, if relevant.

13. Admitted.

14. Denied as stated. It is admitted only that Plaintiff has been employed by Defendant FTCHS beginning in approximately 2006.

15. Denied as stated. It is admitted only that Plaintiff has been employed by Defendant FTCHS in various roles, with varying duties, by Defendant FTCHS beginning in approximately 2006.

16. Denied as stated. It is admitted only that Plaintiff has been employed by Defendant FTCHS in various roles, with varying duties, by Defendant FTCHS beginning in approximately 2006.

17. Denied as stated. It is admitted only that Plaintiff has been employed by Defendant FTCHS in various roles, with varying duties, by Defendant FTCHS beginning in approximately 2006.

18. Denied. The allegations of this paragraph are denied, and strict proof thereof is demanded at trial, if relevant.

19. Denied. The allegations of this paragraph are denied, and strict proof thereof is demanded at trial, if relevant.

**B. Charter School Student Admissions**

20. Denied as stated. It is admitted only that Defendant FTCHS holds an annual lottery for admissions of incoming students. The remainder of the allegations of this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

21. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

22. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

23. Denied as stated. It is admitted only that Defendant FTCHS is considered one of the top schools in the area.

**C. FTCHS' Lottery Policies**

24. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

25. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

26. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

27. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

28. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

29. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

30. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

31. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

32. Denied as stated. It is admitted only that a lottery for the 2027 Student Class occurred on approximately January 20, 2023.

33. Defendants lack sufficient knowledge to either admit or deny the allegations made within this paragraph but leaves Plaintiff to his proofs.

34. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

35. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

36. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

37. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

38. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

39. Denied as stated. It admitted only that Plaintiff accessed the 2027 Student Lottery file on approximately February 8, 2023.

40. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations. The remainder of the allegations of this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

41. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations. The remainder of the allegations of this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

**D. FTCHS' Alleged Discrimination Against Students with Disabilities**

42. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

43. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

44. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

45. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

46. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

47. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

48. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

**E. FTCHS' Alleged Discrimination Against Students with Disabilities**

49. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

50. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

51. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

52. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

53. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

54. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

55. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

56. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

57. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

58. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

59. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

60. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

61. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

62. Defendants lack sufficient knowledge to either admit or deny the allegations made within this paragraph but leaves Plaintiff to his proofs.

63. Denied as stated. It is admitted only that the lottery for the 2027 Student Class was completed in compliance with law and regulations.

64. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

**F. FTCHS' Alleged History of Discriminatory Admission Practices**

65. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

66. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

67. Denied as stated. It is admitted only that Defendant FTCHS operates a student lottery which fully complies with all requirements under the law.

68. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

**G. FTCHS' Alleged History of Discriminatory Admission Practices**

69. Denied as stated. It admitted only that Plaintiff contacted Joseph Garborino on approximately February 8, 2023, to discuss the 2027 Student Lottery process.

70. Denied as stated. It admitted only that Plaintiff contacted Joseph Garborino in February 2023, to discuss the 2027 Student Lottery process.

71. Denied as stated. It is admitted only that Defendant Venditti resigned as CEO on approximately February 21, 2023.

72. Denied as stated. It is admitted only that a thorough investigation of the 2027 Student Lottery process was enacted by Defendant FTCHS and the Board.

73. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

74. Denied as stated. It admitted only that Plaintiff contacted Joseph Garborino in February 2023, to discuss the 2027 Student Lottery process.

75. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

76. Denied as stated. It is admitted only that a thorough investigation of the 2027 Student Lottery process was enacted by Defendant FTCHS and the Board.

77. Denied as stated. It is admitted only that Defendant Venditti resigned as CEO on approximately February 21, 2023.

78. Denied as stated. It is admitted only that a thorough investigation of the 2027 Student Lottery process was enacted by Defendant FTCHS and the Board.

79. Denied as stated. It is admitted only that Defendant Venditti resigned as CEO on approximately February 21, 2023.

80. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

81. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

82. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

83. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

84. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

85. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

86. Denied as stated. It is admitted only that Mr. Garbarino is not a member of the Board at this time.

87. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

**H. Alleged Retaliation Against Plaintiff**

88. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

89. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

90. Denied. The allegations of this paragraph are denied and strict proof thereof are demanded at the time of trial, if relevant.

91. Denied as stated. It is admitted only that counsel for Plaintiff sent letter to Defendant FTCHS on approximately April 18, 2023.

92. Denied as stated. It is admitted only that Plaintiff was placed on administrative leave on approximately May 12, 2023.

**I. Applicable Law**

93. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

94. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

95. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

96. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

97. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

98. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

99. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

100. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

101. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

102. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

103. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

## CAUSES OF ACTION

### Count I

### Unlawful Retaliation in Violation of Titles VI and VII of the Civil Rights Act of 1964

104. Defendants incorporate the preceding paragraphs as though fully set forth herein.

105. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

106. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

107. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

108. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

109. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

110. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

111. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

**Count II**

**Unlawful Retaliation in Violation of 42 U.S.C. § 1981**

112. Defendants incorporate the preceding paragraphs as though fully set forth herein.

113. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

114. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

115. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

116. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

117. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

**Count III**

**Unlawful Retaliation in Violation of the Americans with Disabilities Act**

118. Defendants incorporate the preceding paragraphs as though fully set forth herein.

119. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

120. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

121. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

122. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

123. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

**Count IV**

**Unlawful Retaliation in Violation of Section 504 of the Rehabilitation Act**

124. Defendants incorporate the preceding paragraphs as though fully set forth herein.

125. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

126. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

127. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

128. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

**Count V**

**Unlawful Retaliation in Violation of the Pennsylvania Whistleblower Law**

129. Defendants incorporate the preceding paragraphs as though fully set forth herein.

130. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

131. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

132. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

133. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

134. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

**Count VI**

**Defamation/Slander/False Light**

135. Defendants incorporate the preceding paragraphs as though fully set forth herein.

136. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

137. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

138. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

139. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

140. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and therefore denied and strict proof thereof is demanded at trial, if relevant.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint with prejudice as all material allegations were denied herein, award Defendants costs for responding to

this action with reasonable attorney fees, and other and further relief as this Court deems appropriate.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.
2. The Complaint is barred by the doctrine of consent waiver, estoppel, and/or laches.
3. Plaintiff's claims are barred to the extent of their interim earnings, compensation, or benefits, or amounts earnable by them with reasonable diligence.
4. Any monies or benefits received or earned by Plaintiff after his employment.
5. It is averred that at all times concerning this litigation, Defendants acted in manner which was proper, reasonable, lawful, and in the exercise of good faith.
6. It is averred that at all times concerning this litigation, Defendants treated Plaintiff in a proper and lawful manner.
7. It is averred that at all time concerning this litigation, Defendants acted in accordance with all applicable federal and state laws and regulations.
8. Plaintiff fails to state a claim for which punitive damages may be assessed.
9. Plaintiff's claims for punitive damages are barred and an award of such damages would not be recoverable to the extent that the amount of any such award would exceed the amount of any award of compensatory damages. See Exxon Shipping Co. v. Baker, 554 U.S. 471 (2008).
10. Plaintiff's claims for damages are barred to the extent such damages would violate the Constitution of the United States or the Constitution of Pennsylvania.
11. Plaintiff was not subject to any adverse employment action for any unlawful reason.
12. Plaintiff's claims are barred in whole or in part by Plaintiff's own actions.

13. Plaintiff was placed on administrative leave for legitimate non-discriminatory reasons and was not contrary to any applicable clear mandate of public policy.

14. Plaintiff was placed on administrative leave for legitimate non-retaliatory reasons and was not contrary to any applicable clear mandate of public policy.

15. Defendants reserves the right to assert any additional affirmative defenses, once such become known in discovery.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint with prejudice as all material allegations were denied herein, award Defendants costs for responding to this action with reasonable attorney fees, and other and further relief as this Court deems appropriate.

Respectfully submitted,
**MARGOLIS EDELSTEIN**

MEGHAN WYNKOOP, ESQUIRE
mwynkoop@margolisedelstein.com
JOSEPH J. LONGO, ESQUIRE
jlongo@margolisedelstein.com
170 S. Independence Mall West - Suite 400E
Philadelphia, Pennsylvania 19106-3337
Tel. 215.922.1100
Fax. 215.922.1774
Counsel for Defendants

Date: February 2, 2024